**BARSHAY SANDERS PLLC**
Renee Aragona, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: raragona@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122129

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The Estate of Anthony Causi,<br><br>                    Plaintiff,<br><br>        v.<br><br>CBWG Media Group LLC,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Estate of Anthony Causi ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant CBWG Media Group LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1.     This action seeks to recover damages for copyright infringement.

2.     Anthony Causi, now deceased, provided photojournalism goods and services and Plaintiff owns the rights to these images which Anthony Causi licensed to online and print publications.

3.     Anthony Causi has obtained U.S. copyright registrations covering many of his images and many others are the subject of pending copyright applications.

4.     Defendant owns and operates a website known as elitesportsny.com (the "*Website*").

5.     Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed and continues to store and display Plaintiff's Photograph on the

BARSHAY SANDERS, PLLC

Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6.      Plaintiff The Estate of Anthony Causi is located at 1 Short Drive, Oyster Bay, New York 11771 in  Nassau County, New York.

7.      On information and belief, Defendant CBWG Media Group LLC, is a Pennsylvania Limited Liability Company with a principal place of business at 350 S Main Street, Suite 109, Doylestown, Pennsylvania 18901 in Bucks County, Pennsylvania and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over CBWG Media Group LLC because it maintains its principal place of business in Pennsylvania.

10.      Venue is proper under 28 U.S.C. §1391(a)(2) because CBWG Media Group LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.      Anthony Causi was a professional photographer by trade who is the legal and rightful owner of photographs which were licensed to online and print publications.

12.      Anthony Causi had invested significant time and money in building his photograph portfolio.

13.      Anthony Causi obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.      Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

BARSHAY SANDERS, PLLC

15.     CBWG Media Group LLC is the registered owner of the Website and is responsible for its content.

16.     CBWG Media Group LLC is the operator of the Website and is responsible for its content.

17.     The Website is a popular and lucrative commercial enterprise.

18.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

19.     The Website is monetized in that sells merchandise to the public and, on information and belief, Defendant profits from these activities.

20.     On April 17, 2018, Anthony Causi authored a photograph of New York Mets player Gerson Bautista (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

21.     Plaintiff applied to the USCO to register the Photograph on June 27, 2018 under Application No. 1-6481003508.

22.     The Photograph was registered by USCO on June 27, 2018 under Registration No. VA 2-108-187.

23.     On September 6, 2018, Plaintiff observed the Photograph on the Website in a story entitled "New York Mets young relievers will receive a serious audition for 2019" dated August 5, 2018. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

24.     The Photograph was displayed at URL: https://elitesportsny.com/2018/08/05/new-york-mets-young-relievers-receive-serious-audition-for-2019/ and was stored at URL: https://elitesportsny.com/wp-content/uploads/2018/08/gerson_bautista-681x383.jpg.

25.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Website.

26.     On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

27.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.*508 F.3d 1146, 1160 (9th Cir. 2007).

28.     The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

29.     On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

30.     On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Ricky Keeler whose Muck Rack pages lists him as a writer at Elite Sports NY ("Employees").

31.     On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

32.     On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

33.     On information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

34.     On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

35.     On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

4

BARSHAY SANDERS, PLLC

36.     On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

37.     On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

38.     On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39.     On information and belief, Defendant monitors the content on its Website.

40.     On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

41.     On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

42.     On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

43.     On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

46.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

BARSHAY SANDERS, PLLC

47.     The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

48.     Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

49.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

50.     Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

51.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

52.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

53.     As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

54.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

BARSHAY SANDERS, PLLC

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

55.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

56.     At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

57.     For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photograph, and therefore had the right and ability to supervise and control the infringing Photograph.

58.     As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

59.     On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

60.     On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photograph to increase user traffic, thereby increasing advertising revenue.

61.     Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

<div style="writing-mode: vertical">BARSHAY SANDERS, PLLC</div>

62.     Plaintiff is informed and believes and thereon alleges that the Defendant vicariously willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

64.     As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

65.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to

$150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: June 17, 2021

**BARSHAY SANDERS PLLC**

By:   */s/ Renee Aragona*
Renee Aragona, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: raragona@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122129

BARSHAY SANDERS, PLLC